**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Gerome Chris Smith, Appellant.

Appellate Case No. 2015-001616

———————————

Appeal From Oconee County
R. Scott Sprouse, Circuit Court Judge

———————————

Unpublished Opinion No. 2018-UP-014
Heard December 6, 2017 – Filed January 10, 2018

———————————

**REVERSED AND REMANDED**

———————————

Appellate Defender Lara Mary Caudy and Appellate
Defender John Harrison Strom, both of Columbia, for
Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General William Frederick Schumacher, IV,
both of Columbia, for Respondent.

———————————

**PER CURIAM:** Gerome Chris Smith appeals from his conviction and sentence
for distribution of crack cocaine, contending the trial court erred in (1) admitting
the written statement of a confidential informant (CI) who asserted his Fifth

Amendment right against self-incrimination and declined to testify, (2) admitting drug evidence in spite of a chain of custody that was defective because the CI refused to testify, and (3) admitting into evidence a video of the purported controlled buy because the State failed to lay a proper foundation for admissibility. We reverse and remand for a new trial.

The State concedes that admission of the CI's written statement was improper. However, it argues admission of the statement was harmless error.

We agree with Smith and the State that the trial court erred in admitting the CI's written statement into evidence as it violated Smith's constitutional right to confrontation. The CI's written statement was clearly testimonial in nature, and Smith never had an opportunity to cross-examine the CI on the statement. *See Crawford v. Washington*, 541 U.S. 36, 53-54 (2004) (holding the Confrontation Clause bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination"); *id.* at 51-52 (finding included within the "core class of 'testimonial' statements" by the court are "pretrial statements that declarants would reasonably expect to be used prosecutorially," and "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial").

We disagree with the State's assertion that admission of the CI's written statement constitutes harmless error. "In determining whether an error is harmless, the reviewing court must review the entire record to determine what effect the error had on the verdict." *State v. Douglas*, 369 S.C. 424, 432, 632 S.E.2d 845, 849 (2006). "Error is harmless beyond a reasonable doubt where it did not contribute to the verdict obtained." *Id.* "The key factor for determining whether a trial error constitutes reversible error is 'whether it appears "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained."'" *State v. Tapp*, 398 S.C. 376, 389, 728 S.E.2d 468, 475 (2012) (quoting *State v. Charping*, 313 S.C. 147, 157, 437 S.E.2d 88, 94 (1993)). When engaging in a harmless error analysis, "our jurisprudence requires us not to question whether the State proved its case beyond a reasonable doubt, but whether beyond a reasonable doubt the trial error did not contribute to the guilty verdict." *Id.* at 389-90, 728 S.E.2d at 475.

Here, only the CI, Smith, and a passenger were present during the undercover operation. The passenger did not testify, the CI refused to testify concerning the events, and Smith testified the transaction involved only a repayment of money Smith loaned the CI, and not the delivery of drugs to the CI that night. Thus, no

testimony was presented from any of the individuals present during the event in question to show Smith sold or delivered any drugs to the CI. Further, even assuming the video recording of the incident was properly admitted, it is not conclusive as to whether a drug deal occurred between Smith and the CI. Though Officer Sutherland maintained the video showed Smith handing drugs to the CI and Officer McClure described what he perceived to be a hand-to-hand exchange of money for drugs between the CI and Smith during the playing of the video, Smith adamantly denied that was what occurred. Rather, as the video played, Smith described the CI giving him money that was owed to him by the CI, and then CI's hand going beside his leg and coming back up with a baggie cuffed in his hand as if the CI was trying to hide or plant something. Smith repeatedly denied selling drugs to the CI that night. Our own review of the video does not convince us the admission of the CI's written statement was harmless. While there is evidence from which a jury could believe Smith is handing drugs to the CI during the exchange of money, the video is not perfectly clear that this is what, in fact, occurred. Rather, a jury could determine, from the video and other evidence presented, that the CI did not obtain the drugs from Smith that night but, instead, set it up to appear that way. After review of the entire record, we cannot say beyond a reasonable doubt that the CI's written statement did not contribute to the verdict obtained.[1] Accordingly, we find admission of the CI's written statement was not harmless and we reverse and remand for a new trial.[2]

---

[1] We do not consider, as suggested by the State, a likelihood that Smith would not testify on retrial based on the State's assertion a recorded phone call admitted in this trial would be inadmissible in a new trial. Although the trial court determined Smith would have to testify in order for him to authenticate the phone recording, we cannot say this was the only reason Smith testified. Further, whether Smith would choose to testify in a retrial would be dependent upon the circumstances at that time, which we cannot know.

[2] We decline to reach the other evidentiary issues raised by Smith. *See State v. Mekler*, 379 S.C. 12, 17, 664 S.E.2d 477, 479 (2008) (affirming this court's decision reversing defendant's conviction and granting a new trial, but finding it unnecessary to address another issue concerning the admission of evidence decided by this court, noting whether the issue would arise on retrial and its resolution would depend upon the evidence and testimony presented, and would be for the trial judge's consideration); *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues on appeal when its determination of a prior issue is dispositive).

**REVERSED AND REMANDED.**

**LOCKEMY, C.J., and HUFF and MCDONALD, JJ., concur.**